UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                          Case No. 17-cr-20465

D-9 YOUSEF ALMATRAHI,                              Hon. Denise Page Hood

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 776]**

On October 25, 2022, Defendant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [ECF No. 776] The Government filed a response. For the reasons that follow, the Motion is denied.

**I.      Background**

On April 16, 2018, Defendant pleaded guilty to Count One of the Superseding Indictment. Defendant admitted to participating in a conspiracy to commit healthcare fraud by paying illegal kickbacks and bribes to co-defendant Mashiyat Rashid in exchange for patient referrals for medically unnecessary home health services. ECF No. 239. On December 9, 2021, the Court sentenced Defendant to 36

months in prison, and Judgment was entered on February 3, 2022. ECF No. 636. Defendant has been detained since March 10, 2022 (approximately 9 months).

Defendant seeks a compassionate release based on his health conditions. Defendant states that he suffers from hypertension, asthma, hyperlipidemia (high cholesterol), obesity, sleep disorder, migraine, chest pain, and being prediabetic. ECF No. 776, PageID.10575. He is prescribed albuterol for asthma, atorvastatin for hyperlipidemia, and metoprolol tartrate for chest pain. He was fully vaccinated against Covid-19 in December 2020/January 2021, and he received a booster in July 2022. *Id.* at PageID.10578, 10599. Defendant states, "I fear although I have taken the COVID vaccine and booste[r] that these cardiac issues will be life threatening." *Id.* at PageID.10578.[1]

## II. Analysis

When seeking a reduction in sentence for extraordinary and compelling reasons, a defendant must first exhaust all administrative remedies or wait 30 days

---

[1] Defendant requested appointment of counsel, ECF No. 776, PageID.10576. In reviewing Defendant's motion, however, the Court finds that basis for, and the medical conditions underlying, Defendant's request for compassionate release are not unusual. The Court further finds that Defendant adequately identifies the medical conditions that support his request, and an attorney's efforts would not procedurally or substantively improve the basis for Defendant's request for compassionate relief. Accordingly, the Court declines to appoint counsel.

2

after the warden's first receipt of the request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). It is undisputed that Defendant has exhausted his administrative remedies through the Bureau of Prisons.

In resolving motions pursuant to 18 U.S.C. § 3582(c)(1)(A), district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) if so, whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020). A third consideration, the U.S.S.G. § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 503, n.1 (6th Cir. 2021) (citations and internal quotations omitted) (a court "may look to § 1B1.13 as relevant, even if no longer binding," but "may not proceed as though § 1B1.13 constrains its analysis of what constitutes extraordinary and compelling reasons for release.").

As to whether extraordinary and compelling circumstances exist to merit a sentence reduction in a case, the Sixth Circuit concluded that "in the absence of an

3

applicable policy statement for inmate-filed compassionate release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 520. *See also Jones*, 980 F.3d at 1109; *United States v. McDonel*, 513 F.Supp.3d 752, 755 (E.D. Mich. 2021) (quoting *Elias*).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *See United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted).

Defendant has a number of health conditions, including asthma, high cholesterol, and chest pain (and he takes medication daily for each of those conditions), as well as obesity and hypertension, all of which are conditions that may elevate risk while being incarcerated during the COVID-19 pandemic.

Although courts were more likely to grant compassionate releases at the outset of the Covid-19 pandemic, that was before any vaccines were available to

4

incarcerated persons. The Sixth Circuit has since concluded that, if a defendant has access to the Covid-19 vaccine, the Covid-19 pandemic itself does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Lemons,* 15 F. 4th 747, 751 (6th Cir. 2021). The Sixth Circuit stated:

> After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order."

*Id.* (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).

Many other courts have held that extraordinary and compelling circumstances are lacking, and a compassionate release is not warranted, based on the threat of Covid-19 alone, when a vaccine is available. *See, e.g., United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021); *United States v. Wills*, 2021 WL 2179256, at *1 (D. Or. May 27, 2021); *United States v. McBriarty*, 2021 WL 1648479, at *6 (D. Conn. Apr. 27, 2021); *Gale v. United States*, 2021 WL 1912380, at *3 (E.D. Va. May 12, 2021); *United States v. Jackson*, 2021 WL 1145903 (E.D. Pa. Mar. 25, 2021); *United States v. Jackson*, 2021 WL 3417910, at *3 (E.D. Mich.

5

Aug. 5, 2021); *United States v. Swarn*, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021).

Defendant not only has had access to the Covid-19 vaccine, he is fully vaccinated and has been boosted. The record reflects that Defendant received the initial two doses of the Moderna Covid-19 vaccine in December 2020 and January 2021, and he received a Moderna Covid-19 booster in July 2022. ECF No. 776, PageID.10599.

Many defendants have been denied release pursuant to Section 3582(c)(1)(A)(i), even with health conditions similar to Defendant's, when they have had access to or received the Covid-19 vaccine, including if they have previously contracted the Covid-19 virus. *See, e.g.*, *United States v. Banks*, No. 18-cr-20462, 2022 WL 2679417 (E.D. Mich. July 11, 2022) (denying compassionate release to inmate suffering from COPD, lupus, high blood pressure, arthritis, and obesity because she had access to the COVID-19 vaccine); *United States v. Jackson*, No. 19-cr-20396, 2022 WL 107577 (E.D. Mich. Jan. 11, 2022) (denying compassionate release to inmate with hypertension and asthma because he had received the COVID-19 vaccine); *United States v. Mukherjee*, No. 4-cr-50044, 2022 WL 2703955 (E.D. Mich. July 12, 2022) (denying compassionate release to 80-year-

6

old defendant with hypertension, diabetes, obesity, kidney disease, and enlarged prostate because he had received the COVID-19 vaccine and recovered from a prior infection, such that his "proven resilience to COVID-19 belies the alleged comorbidity of his diagnoses.").

Because Defendant's medical conditions are being treated with medication, he is regularly being seen at the prison health unit, and he is fully vaccinated and boosted, the Court concludes that Defendant has not established an extraordinary and compelling reason to reduce his sentence.

As to a consideration of the factors under 18 U.S.C. § 3553(a), the Court finds that they also do not support the release of Defendant at this time. Defendant has served only about 25% of his sentence, and he has offered no indication that the circumstances of any of the Section 3553(a) factors have changed, such that the Court needs to undertake a new analysis of those factors.

For the reasons stated, the Court concludes that Defendant has not demonstrated an extraordinary and compelling reason for reducing his sentence.

## III. Conclusion

Accordingly,

IT IS ORDERED that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 776] is DENIED.

Dated: December 8, 2022            s/Denise Page Hood
                                   DENISE PAGE HOOD
                                   UNITED STATES DISTRICT JUDGE